IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS ) <br> PROJECT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES FOREST ) <br> SERVICE, ) <br> ) <br> Defendant. ) <br> _____ ) | Civ. No. 06-0390-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it the Forest Service's motion to dismiss. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

# ANALYSIS

Plaintiff WWP filed this complaint to stop grazing on four allotments in the Sawtooth and Boise National Forests. WWP alleges that the Forest Service has authorized continued grazing on these four allotments without considering the results of a Forest Plan Capability Analysis done by the Forest Service when it drafted the Forest Plans. WWP points out that this Court, in another case,

**Memorandum Decision and Order – Page 1**

required the Forest Service to consider that same Capability Analysis before authorizing grazing on other allotments.  *See WWP v. U.S. Forest Service*, Civ-05-189-E-BLW (Memorandum Decision filed February 7, 2006).

The Forest Service seeks to dismiss this case on the ground that it has now withdrawn the four grazing decisions (set forth in Records of Decision or RODs) that WWP challenges here.  The Forest Service asserts that because it withdrew the four decisions to revise them in light of the decision in *WWP v. U.S. Forest Service,* there is no longer any final agency action that can be reviewed by this Court.

The Court disagrees.  The withdrawal of the RODs does not mean that grazing is blocked.  As the Forest Service points out in its briefing, the 2004 Rescissions Act provides that if there is a delay in obtaining environmental reviews of new grazing authorizations, grazing may continue under the last-issued permits. *See Forest Service Brief* at p. 4.  Thus, at the current time, grazing is authorized for the 2007 grazing season pursuant to the last-issued permits, and thus there is final agency action to review.

The Forest Service responds that this suit must nevertheless be dismissed because WWP's complaint focuses entirely on the four RODs, and does not even mention the last-issued permits.  That is largely true, although the complaint does

**Memorandum Decision and Order – Page 2**

contain a broad allegation that the Forest Service has "authorized continued grazing on four allotments . . . without incorporating or even considering the results of the forest plan capability analysis . . . ." *See Complaint* at ¶ 2.  It would not be a huge stretch to read this language to challenge any authorized grazing on the four allotments – whether authorized by the four RODs or the last-issued permit – that did not consider the Capability Analysis.  This is especially true since the Court must read the complaint in WWP's favor to resolve this motion to dismiss.  *Wilbur v. Locke*, 423 F.3d 1101 (9th Cir. 2005).

Moreover, this Court has been directed that in resolving motions to dismiss, the Court "should grant leave to amend *even if no request to amend the pleading was made*, unless it is determined that the pleading could not possibly be cured by the allegation of other facts."  *See Cook, Perkiss & Liehe, Inc. v. Northern Calif. Collection Service*, 911 F.2d 242, 247 (9th Cir. 1990) (emphasis added).  While WWP has not requested leave to amend, it would require only a brief amendment to address the Forest Service's withdrawal of the RODs.

For all these reasons, the Court will deny the motion to dismiss.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss

**Memorandum Decision and Order – Page 3**

(Docket No. 3) is DENIED.

IT IS FURTHER ORDERED, that the Clerk of the Court shall set this matter for a Scheduling Conference at which time all deadlines, including those for amendments, will be discussed.



DATED: **January 16, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 4**